≈JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
CRYSTAL DUNSTON

### DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck / ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. / ☐ 830 Patent | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health / ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR / SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations / ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act / ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act / FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |
|  | ☐ 440 Other Civil Rights |  | ☐ 465 Other Immigration Actions |  |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE 4/15/11

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2015 B. Mather Way, Elkins Park, PA 19027

Address of Defendant: 501 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  15 U.S.C. 1629
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/15/11   Craig Thor Kimmel   57100
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/15/11   Craig Thor Kimmel   57100
Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Crystal Dunston                               :           CIVIL ACTION
            v.                                :
NCO Financial Systems, Inc.                   :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                             ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

4/15/11           Craig Thur Kimmel         Crystal Dunston
Date              Attorney-at-law           Attorney for

215-540-8888      877-788-2864              Kimmel@creditlaw.com
Telephone         FAX Number                E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL DUNSTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

CRYSTAL DUNSTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Elkins Park, Pennsylvania, 19027.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was hired to collect two

separate consumer debts allegedly owed by Plaintiff and attempted to collect those debts from Plaintiff.

16. The alleged debts at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Specifically, Defendant was attempting to collect a debt in the amount of $406.00 from Plaintiff on behalf of TD Bank.

18. Plaintiff disputed owing any debt to TD Bank, having signed an affidavit for TD Bank explaining that she had a zero balance and any subsequent charges on the account were made by another individual without her authorization.

19. Also, Defendant was attempting to collect a debt in the amount of $336.00 from Plaintiff on behalf of DirectTV.

20. Plaintiff disputed owing any debt to DirectTV, as any charges on the account occurred after she had moved and DirectTV failed to cancel the service.

21. Beginning in October 2010, Defendant constantly and continuously placed collection calls to Plaintiff's home and cellular telephone numbers seeking and demanding payment for the alleged debts.

22. On average, Defendant contacted Plaintiff on her home and cellular telephones at least two (2) times a day.

23. In addition, Defendant would leave Plaintiff voice mail messages claiming that it was urgent that Plaintiff return its calls.

24. On or about November 26, 2010, Defendant placed a collection call to Plaintiff and spoke with Plaintiff's son.

25. Defendant refused to allow Plaintiff's son take a message, instead keeping him on the phone demanding responses to its questions.

26. In addition to calling Plaintiff, Defendant constantly and continuously placed calls to Plaintiff's mother once a week for two months asking to speak with Plaintiff.

27. On numerous occasions, Plaintiff's mother advised Defendant that Plaintiff did not live with her and to stop calling.

28. However, Defendant ignored Plaintiff's mother's instructions and continued to contact her in its attempts to collect a debt from Plaintiff.

29. On or about December 6, 2010, Plaintiff viewed her credit report and learned that Defendant had reported the disputed debts on her credit report. See Plaintiff's credit report attached hereto as "Exhibit A."

30. Upon information and belief, Defendant failed to send Plaintiff written notification informing her of her rights to dispute the debts and/or request verification of the debts.

31. Defendant conducted its debt collection activities in ways that were factually misrepresented and in violation of the FDCPA.

PLAINTIFF'S COMPLAINT

## CONSTRUCTION OF APPLICABLE LAW

32. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692 generally;

   b. Defendant violated §1692b(3) of the FDCPA by communicating with a third party more than once without permission to do so and without believing that the earlier response was erroneous or incomplete;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

   d. Defendant violated §1692d(5) of the FDCPA by causing a

telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse or harass;

e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

f. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

g. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

36. As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, CRYSTAL DUNSTON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CRYSTAL DUNSTON, demands a jury trial in this case.

DATED: 4/15/11

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 10 -

PLAINTIFF'S COMPLAINT

Consumer Credit Report for CRYSTAL M. DUNSTON

File Number: 230251688
Page: 4 of 9
Date Issued: 11/30/2010

---

**HSBC BANK** 9129

Balance: $440
Date Updated: 10/2010
High Balance: $639
Credit Limit: $300
Past Due: >$19<

Pay Status: >60 DAYS PAST DUE<
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 05/2007

Loan Type: CREDIT CARD
Remarks: ACCT INFO DISPUTED BY CONSUMR
>Maximum delinquency of 60 days occurred in 05/2010 for $19<
Estimated date that this item will be removed: 07/2017

Late Payments (40 months): 30 60 90: 5 1 0 — Last 40 months:

| 30 | OK | OK | OK | 60 | 30 | OK | OK | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| sep | aug | jul | jun | may | apr | mar | feb '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb '09 | dec | nov | oct |

| OK | OK | OK | 30 | OK | OK | OK | OK | 30 | OK | OK | OK | OK | OK | OK | OK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| sep | aug | jul | jun | may | apr | mar | feb '08 | dec | nov | oct | sep | aug | jul | jun |

---

**HSBC BANK** 6816

Balance: $0
Date Updated: 09/2010
High Balance: $873
Credit Limit: $40,000

Pay Status: >CHARGED OFF AS BAD DEBT<
Account Type: REVOLVING ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 10/2005
Date Closed: 05/2010
Date Paid: 01/2010

Loan Type: CREDIT CARD
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated date that this item will be removed: 01/2017

---

**IC SYSTEMS COLLECTIONS #** 0001

Balance: $177
Date Updated: 03/2010
Original Amount: $177
Original Creditor: 01 NEWPORT NEWS HOLDING CORP
Past Due: >$177<

Pay Status: >COLLECTION ACCOUNT<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 01/2010
Estimated date that this item will be removed: 07/2016

---

**MIDLAND CREDIT MGMT INC** 9103

Balance: $784
Date Updated: 11/2010
Original Amount: $712
Original Creditor: ASPIRE VISA
Past Due: >$784<

Pay Status: >COLLECTION ACCOUNT<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 09/2009
Estimated date that this item will be removed: 08/2015

---

**NCO FINANCIAL** 2129

Balance: $406
Date Updated: 11/2010
Original Amount: $406
Original Creditor: TD BANK N A
Past Due: >$406<

Pay Status: >COLLECTION ACCOUNT<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 08/2010
Estimated date that this item will be removed: 11/2015

PLAINTIFF'S EXHIBIT A — ALL-STATE LEGAL

Case 2:11-cv-02588-JCJ   Document 1   Filed 04/15/11   Page 15 of 15

Consumer Credit Report for CRYSTAL M. DUNSTON    File Number: 230251688    Page: 5 of 9    Date Issued: 11/30/2010    **TransUnion.**

### NCO FINANCIAL SYSTEMS    7420

- Balance: $336
- Date Updated: 10/2010
- Original Amount: $336
- Original Creditor: 11 DIRECTV
- Past Due: >$336<
- Pay Status: >COLLECTION ACCOUNT<
- Account Type: OPEN ACCOUNT
- Responsibility: INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 04/2010
Estimated date that this item will be removed: 11/2014

### NOVASTAR MORTGAGE INC    6369

- Balance: $0
- Date Updated: 11/2007
- High Balance: $318,300
- Terms: 480 MONTHLY $2370
- Pay Status: >60 DAYS PAST DUE<
- Account Type: MORTGAGE ACCOUNT
- Responsibility: INDIVIDUAL ACCOUNT
- Date Open: 01/2007
- Date Closed: 11/2007

Loan Type: CONVENTIONAL REAL ESTATE MTG
Remarks: TRANSFERRED TO ANOTHER LENDER
>Maximum delinquency of 60 days occurred in 11/2007<
Estimated date that this item will be removed: 09/2014

Late Payments (06 months): 30:1 60:0 90:0    Last 6 months: 30 | OK | OK | OK | OK | OK
                                                         oct | sep | aug | jul | jun | may

### OXFORD COLLECTION AGENCY    3775

- Balance: $336
- Date Updated: 06/2009
- Original Amount: $336
- Original Creditor: 11 DIRECTV
- Past Due: >$336<
- Pay Status: >COLLECTION ACCOUNT<
- Account Type: OPEN ACCOUNT
- Responsibility: INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 12/2008
Estimated date that this item will be removed: 03/2015

### SALUTE    9150

- Balance: $0
- Date Updated: 09/2010
- High Balance: $803
- Credit Limit: $500
- Pay Status: PAID OR PAYING AS AGREED
- Account Type: REVOLVING ACCOUNT
- Responsibility: INDIVIDUAL ACCOUNT
- Date Open: 06/2007
- Date Closed: 07/2008
- Date Paid: 11/2008

Loan Type: CREDIT CARD
Remarks: ACCT CLOSED BY CREDIT GRANTOR

Late Payments (39 months): 30:2 60:0 90:0    Last 39 months:
X | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK
aug | jul | jun | may | apr | mar | feb | '10 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '09 | dec | nov | oct | sep
OK | 30 | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | OK | OK
aug | jul | jun | may | apr | mar | feb | '08 | dec | nov | oct | sep | aug | jul | jun

### SAXON MORTGAGE SVS INC    6337

- Balance: $0
- Date Updated: 12/2008
- High Balance: $318,300
- Collateral: BALLOON DUE 01012037 192268
- Terms: 480 MONTHLY $2369
- Pay Status: >120 DAYS PAST DUE<
- Account Type: MORTGAGE ACCOUNT
- Responsibility: INDIVIDUAL ACCOUNT
- Date Open: 01/2007

Loan Type: CONVENTIONAL REAL ESTATE MTG
Remarks: >FORECLOSURE, COLLATERAL SOLD<
>Maximum delinquency of 90+ days occurred in 02/2008<
Estimated date that this item will be removed: 08/2014

Late Payments (10 months): 30:0 60:0 90:10    Last 10 months:
120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120
nov | oct | sep | aug | jul | jun | may | apr | mar | feb


PLAINTIFF'S EXHIBIT B